## Halbe et ux. v. Rand

*M. A. Kilker* and *C. W. Staudenmeier,* for plaintiffs.

*M. J. Ryan,* for defendant.

HICKS, P. J., February 26, 1934.—In this action of trespass, the præcipe for the summons was filed on July 20, 1933. The plaintiffs' statement of claim, in which it was alleged that the accident for which suit was brought occurred on February 2, 1932, was filed on September 26, 1933, service having been accepted by defendant's counsel on the day before. An affidavit of defense was filed on January 10, 1934, almost 4 months after the statement was filed, in which the defendant averred that the operator of the car was not his agent, servant,

or employe. The statement of claim charged that the automobile was owned by one other than the defendant.

On January 16, 1934, the plaintiffs moved to strike off the affidavit of defense on three grounds: (1) It was not filed within 15 days after the service of the statement, as required by the Practice Act of 1915, sec. 12; (2) the record discloses that upwards of 5 months have elapsed (less than 4 months is correct) since the service of the statement, and meanwhile the case was set for trial on the November trial list, and the defendant accordingly waived his right to file it, certain important and valuable rights having vested in the plaintiffs which would be affected if the affidavit of defense was not stricken off (admission of agency being the only right as urged in plaintiffs' brief) ; and (3) lack of endorsement showing an address within the county where all papers are to be served.

Section 12 of the Practice Act of May 14, 1915, P. L. 483, as amended, provides that the defendant shall file an affidavit of defense to the statement of claim within 15 days from the day when the statement was served upon him. Section 13 of the said act, as amended by the Act of April 4, 1929, P. L. 140, provides that in actions of trespass the averments, in the statement, of the person by whom the act was committed, the agency or employment of such person, and the ownership or possession of the vehicle, machinery, property, or instrumentality involved, if not denied, shall be taken to be admitted. Section 18 provides that in actions of trespass, when the defendant fails to file an affidavit of defense within the required time, the case shall be deemed at issue and may be ordered upon the trial list.

In this case, through failure to file an affidavit of defense, the only admitted fact would be the agency or employment of the operator of the motor vehicle, since the plaintiffs aver that the operator was the owner of the vehicle. On behalf of the plaintiffs, a construction of the Practice Act is urged to the effect that the 15 days allowed by the notice served with the statement of claim was the extreme limit allowed for denial by the defendant, in this action of trespass, of the averments of the statement regarding the agency or employment of the person by whom the act was committed. It is further urged that, 15 days having expired without the filing of an affidavit of defense, a certain status was established and the essential fact of agency or employment admitted, which cannot be disturbed. It is also urged that even if an affidavit of defense may be filed after the lapse of 15 days it cannot be so filed without leave of court first obtained for cause shown.

It is generally held that an affidavit of defense may be filed in an action of trespass after the expiration of the 15 days allowed by the Practice Act of 1915, with leave of court on cause shown, and that such leave will not be granted where to do so would be to work prejudice and injustice to the plaintiff or destroy substantial rights: Lobb v. Stitzinger, 4 D. & C. 504; Gross v. Dickinson, 4 D. & C. 505; Singley v. Glatfelter, 10 D. & C. 771; Campise v. Wible Bros., 11 D. & C. 139; O'Brien v. Paul R. Hostetter Co., 11 D. & C. 171; Maimon et al. v. Yellow Cab Co. et al., 16 D. & C. 438; Vangelos et ux. v. Golder Const. Co. et al., 18 D. & C. 403. No reason is urged by the plaintiffs why the filing thereof in this case was prejudicial, except in the motion to strike off the affidavit of defense. This is particularized where it is stated in very general terms that certain important and valuable rights vested in them in their written brief of argument, wherein it is urged that the failure to file the affidavit of defense worked an admission of the agency or employment. This is not such prejudice or injustice as would prevent leave being granted to file an affidavit

of defense after the 15 days. We are not persuaded that the filing of the affidavit of defense in this case worked any such prejudice or disadvantage to the plaintiffs as would have warranted us in refusing to grant leave to file it had we been so requested. To have refused the delayed filing might have worked hardship to the defendant, in that he might have been prevented from offering evidence to establish the real facts before the jury. It is true that this case was on the November trial list of last year, but it nowhere appears that the continuance of the case was caused through any act of the defendant, and we infer that it was not tried because not reached on the day on which it was fixed.

Since the only objection to the filing of this affidavit after 15 days is that the agency or employment will not now be admitted by the defendant and the plaintiffs will be put to proof thereof, and since, under the circumstances, had leave been asked to file the affidavit of defense we would have granted it, we will not now strike it off for that reason. However, we feel that no affidavit of defense should be filed in a trespass action after 15 days after the service of the statement unless upon petition addressed to the court for leave so to file it. But to strike it off in this case now would be simply to prolong the trial of the case on its merits, which we are not constrained to do.

However, the affidavit of defense does not contain an endorsement showing an address within the county where all papers are to be served. This is a formal defect in violation of section 12 of the Practice Act, and for this reason we must strike off the affidavit of defense. However, this formal defect is amendable.

And now, February 26, 1934, the motion to strike off the affidavit of defense is hereby made absolute, and the defendant is allowed 15 days from this date in which to file an amended affidavit of defense.

From M. M. Burke, Shenandoah, Pa.